# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1330
Lower Tribunal No. 13-5848
_____

**Laroyce Odom,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General and Richard L. Polin, Assistant Attorney General, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

PER CURIAM.

Affirmed. The sole issue on appeal is whether the trial court erred in denying the defendant's motion for mistrial based on a prosecutor's passing reference to "jail calls" in closing argument.[1] A sixteen-minute jail call from the defendant to a victim was admitted into evidence during the case and without objection, but was not identified at that time as a "jail" call. Defense counsel moved for a mistrial based on this reference during the State's closing argument, and the motion was denied by the trial court.

We find no abuse of discretion or harmful error in the trial court's denial of a motion for mistrial based on this single word amidst ten pages of closing argument. The issue does not warrant extended discussion, as it is clear the reference was not "so prejudicial as to vitiate the entire trial." See Guzman v. State, 214 So. 3d 625, 633 (Fla. 2017) ("Even if the jurors might have inferred that [the defendant] was jailed for a different crime, the reference to the jail was brief, isolated, inadvertent, and not so prejudicial as to vitiate the entire trial."); Fletcher v. State, 168 So. 3d 186, 207 (Fla. 2015) ("A comment [regarding a defendant's prior imprisonment] that is brief, isolated, and inadvertent may not warrant a mistrial.").

The final judgment of conviction and sentence are affirmed.

---

[1] The closing argument passage by the prosecutor was, "The state brought to you photographs state brought to you casings, the state brought to you 7 different witness testimonies, state brought to you 911 call and the state brought to you jail calls but what are you to do with all this?" [sic].